**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**George E. GLASS, Defendant-Appellant.**

No. 83–4774.

United States Court of Appeals,
Fifth Circuit.

Oct. 19, 1984.

Peatross, Greer & Hayter, L. Edwin Greer, Shreveport, La., for defendant-appellant.

Joseph S. Cage, Jr., U.S. Atty., D.H. Perkins, Jr., Asst. U.S. Atty., Shreveport, La., for plaintiff-appellee.

## ON PETITION FOR REHEARING

(Opinion August 28, 1984, 5 Cir.1984, 741 F.2d 83)

Before CLARK, Chief Judge, JOLLY and DAVIS, Circuit Judges.

PER CURIAM:

In its petition for rehearing, the government asks us to take judicial notice of an affidavit sworn to by DEA Agent Hawkins before a magistrate in the course of obtaining a search warrant against George Glass. The warrant was issued but never executed. The affidavit, in describing the tip that precipitated the seizure and search of Glass and Flores, states that the anonymous tipster told another DEA agent that Glass and his confederate would be carrying cocaine.

This court cannot treat the affidavit, sealed under protective order by the magistrate and never before the district court during the suppression hearing, as a part of the record of that hearing.

We are a court of errors. It is not our role to speculate as to how the district court might have ruled had Agent Hawkins' affidavit been offered at the suppression hearing.

The affidavit is hearsay. The declarant was presented as a witness and testified. Had the affidavit been tendered to supplement Hawkins' testimony, Glass would have had an opportunity to object and to cross examine Hawkins about its content. Glass would be denied that opportunity and the chance to discredit the information supplied in an affidavit he never saw if we were to take judicial notice of the affidavit as the government requests.

Our directions to the district court on remand remain unchanged. The petition for rehearing is DENIED.